UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

DANUTA SZEWCZYK,

                              Plaintiff,                    **MEMORANDUM & ORDER**
                                                           15-CV-918 (MKB)

             v.

CITY OF NEW YORK, TAMARA SAAKIAN and
AUDREY BROWN-BENNETT,

                              Defendants.

------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

   Plaintiff Danuta Szewczyk, proceeding *pro se*, commenced this action on February 20,

2015.  On November 23, 2015, Plaintiff filed an Amended Complaint against Defendants the

City of New York, Tamara Saakian and Audrey Brown-Bennett, alleging that they failed to hire

her as a result of discrimination based on national origin, race, religion, gender, age, marital

status and unemployment status[1] in violation of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967,

29 U.S.C. § 621 *et seq.* ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C.

§ 12101 *et seq.* ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York

---

[1]  The Court understands Plaintiff to allege that her single marital status and her
unemployment status are disabilities and considers these claims below.  Plaintiff states that she
was discriminated against on the basis of disability and identifies that disability as
"unemployed."  (Am. Compl. 3.)  Prompted by the form complaint to indicate other bases for
discrimination against her, Plaintiff states "Single. UNEMPLOYED."  (*Id*.)  In her opposition to
Defendants' motion to dismiss, Plaintiff alleges that Defendants perceived her unemployment
status as a "sign of limited mental capacity."  (Pl. Opp'n to Defs. Mot. to Dismiss ("Pl. Opp'n")
6, Docket Entry No. 22-2.)

City Human Rights Law ("NYCHRL").[2]  (Am. Compl., Docket Entry No. 20.)  Defendants

move to dismiss the Amended Complaint.  (Defs. Mot. to Dismiss ("Defs. Mot."), Docket Entry

No. 22; Defs. Mem. in Support of Defs. Mot. ("Defs. Mem."), Docket Entry No. 22-1.)  For the

reasons discussed below, Defendants' motion is granted in part and denied in part.  The Court

denies Defendants' motion to dismiss Plaintiff's Title VII, NYSHRL and NYCHRL claims for

discrimination based on national origin and religion and her NYCHRL claims for age

discrimination.  The Court grants Defendants' motion to dismiss Plaintiff's Title VII, NYSHRL

and NYCHRL claims for race and gender discrimination, her ADEA and NYSHRL claims for

age discrimination, and her ADA claims.

## I.    Background

The following facts are taken from the Amended Complaint and are accepted as true for

the purposes of deciding the motion.  Plaintiff is a fifty-nine or sixty year-old[3] Roman Catholic

woman of Polish descent.  (Am. Compl. 4.[4])  According to Plaintiff, on May 20, 2014, she was

the only woman interviewed for an Assistant Civil Engineer position with the York City Fire

Department ("FDNY").  (*Id*.)  Plaintiff states that, after scoring "100" on the relevant civil

service test, she was placed on the list of qualified candidates and "had all required

[q]ualifications and experience" for the position.  (*Id*.)

---

[2]  On October 21, 2015, the Court held a pre-motion conference to discuss Defendants'
anticipated motion to dismiss.  The Court dismissed all claims against Julian Bazel and
Plaintiff's Title VII and ADEA claims against Defendants Tamara Saakian and Audrey
Brown-Bennett, and substituted the City of New York for the New York City Fire Department.
(Min. Entry dated Oct. 21, 2015.)

[3]  Plaintiff states that she was born in 1956, but does not specify a date.  (Am. Compl. 4.)

[4]  Because the Amended Complaint is not consecutively paginated, the Court's citations
refer to the page number assigned by the Electronic Document Filing System.

Plaintiff was interviewed by Engineering Director Tamara Saakian, who, Plaintiff alleges, is from the former Soviet Union. (*Id*.) According to Plaintiff, there was no "paper list of questions" on the table during the interview and the first question was a statement: "You are from Poland." (*Id*.) Plaintiff responded that she had two Master's Degrees from New Jersey Institute of Technology. (*Id*.) During the interview, Saakian "moved close to [Plaintiff] and . . . poked her finger at [Plaintiff's] blue eye[s] several times." (*Id*.) Saakian also asked, "how would [Plaintiff] feel [about] working with younger supervisors?" (*Id*.) Plaintiff states that Saakian also "tried to discredit [Plaintiff] as 'old' and not liking to work with 'young'" people, although Plaintiff does not explain when or to whom Saakian made these statements. (*Id*.) Plaintiff also alleges that during the interview process, an unspecified person asked Plaintiff if she had children. (*Id*.) Plaintiff answered that she is "widow with children and [is] unemployed." (*Id*.) According to Plaintiff, Saakian mocked this answer by pulling out a handkerchief. (*Id*.)

Plaintiff alleges that the preferred candidate for the position was "pre-selected" based on "national favoritism" and that the actions by Saakian and others were an effort to hire Gennadiy Lak, who, according to Plaintiff, is Russian or at least had a Russian accent, like Saakian. (*Id*.) Plaintiff further states that, unlike her, Lak does not have a Master's Degree from the United States. (*Id*.) Plaintiff alleges that, to undermine Plaintiff's application, Saakian misrepresented Plaintiff's employment experience to personnel as "[l]aboratory work not [e]ngineering work." (*Id*.) Plaintiff further states that, when Saakian became aware that Plaintiff had earned two Master's Degrees, Saakian reprimanded other personnel for selecting Plaintiff's name from the Civil Service list of qualified candidates. (*Id*.)

On June 24, 2014, Plaintiff contacted Audrey Brown-Bennett, Deputy Personnel Manager at the FDNY, who stated that there would be another set of interviews for the Assistant Civil Engineer position and that Plaintiff would be called again. (*Id.*) However, on September 24, 2014, Plaintiff learned that she, the "older unemployed woman from Poland," had been "eliminated," while Lak and "young Asian male Mr. Keivan Notghi" had been selected for the final interview, to be conducted on May 27, 2014, with the Fire Chief in Charge of the Technology Department. (*Id.*) Lak was subsequently hired for the position. (*Id.*)

## II. Discussion

### a. Standards of Review

#### i. Motion to dismiss

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)); *see also Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions"

or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[5] *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

### ii. Employment discrimination

Analyzing whether a plaintiff has sufficiently alleged an employment discrimination claim requires reference not only to the pleading standard discussed above, but also to the three-stage, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Littlejohn v. City of New York*, 795 F.3d 297, 307–08 (2d Cir. 2015) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)) (discussing burden-shifting); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–55 (1981)). Under that framework, a plaintiff must first establish a prima facie case of discrimination. *St. Mary's Honor Ctr.*, 509 U.S. at 506; *see also Dowrich-Weeks v. Cooper Square Realty, Inc.*, 535 F. App'x 9, 11 (2d Cir. 2013); *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). A plaintiff's burden at this stage is "minimal." *Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008) (quoting *St. Mary's*

---

[5] When deciding a motion to dismiss, a court's review is limited to the four corners of the complaint, but a court may also review (1) documents attached to the complaint, (2) any documents incorporated in the complaint by reference, (3) documents deemed integral to the complaint, and (4) public records. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (documents attached to the complaint, those incorporated by reference, and those integral to the complaint); *Glob. Network*, 458 F.3d at 156 (documents integral to the complaint); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (public records).

*Honor Ctr.*, 509 U.S. at 506). If a plaintiff meets her burden at this stage, a "temporary presumption" of discrimination arises, and the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 307, 311). If the defendant-employer articulates such a reason, the burden shifts back to the plaintiff-employee to show that the defendant-employer's reason was merely pretext. *Id.* at 83.

At the pleading stage, however, a plaintiff does not need to prove discrimination, or even allege facts establishing every element of the *McDonnell Douglas* prima facie case, but the facts alleged must give "plausible support to the reduced requirements" of the prima facie case. *Littlejohn*, 795 F.3d at 311; *see Dawson v. N.Y.C. Transit Auth.*, 624 F. App'x 763, 767 (2d Cir. 2015); *Vega*, 801 F.3d at 84; *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 71 (2d Cir. 2006) ("[T]he requirements for establishing a prima facie case under *McDonnell Douglas* [do not] apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." (second alteration in original) (quoting *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002))). Thus, a plaintiff need only plead facts sufficient to give "plausible support" to plaintiff's "minimal" initial burden, which is governed by the statute under which she brings her claims. *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 307, 312).

> **b. Title VII and NYSHRL national origin, race, religion and gender discrimination claims**

Plaintiff alleges that Defendants discriminated against her by failing to hire her because of her national origin, race, religion and gender, in violation of Title VII and the NYSHRL. (Am. Compl. 3–4.) Defendants argue that Plaintiff has not pled sufficient facts to support any discrimination claim pursuant to Title VII or NYSHRL because her allegation of having blue eyes is not sufficient to state membership in a protected class and her allegations are not

sufficient to support any inference of discrimination.  (Defs. Mem. 6–8.)

Title VII requires that "a plaintiff must first establish a *prima facie* case of discrimination by showing that: '(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination.'" *Vega*, 801 F.3d at 83 (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)).  "[A]bsent direct evidence of discrimination," to survive a motion to dismiss a claim of employment discrimination in violation of Title VII, a plaintiff must plausibly allege facts that would support a finding that she suffered an adverse employment action and "has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311; *see Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 70 (S.D.N.Y. 2015).

In the context of a claim for failure to hire, "a plaintiff complaining of a discriminatory failure to hire must first make out a prima facie case of discrimination by showing that (1) he is a member of a protected class, (2) he was qualified for the job for which he applied, (3) he was denied the job, and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010); *see Walsh v. N.Y.C. Hous. Auth.*, --- F.3d ---, ---, 2016 WL 3632245, at *3 (2d Cir. July 7, 2016) (stating the elements of a Title VII sex discrimination claim for failure to hire); *Jones v. Onondaga Cty. Res. Recovery Agency*, --- F. App'x ---, ---, 2016 WL 2342347, at *1 (2d Cir. May 4, 2016) (stating the elements of a Title VII failure to hire claim); *Rich v. Associated Brands Inc.*, 559 F. App'x 67, 68 (2d Cir. 2014) (stating the elements of a Title VII failure to hire claim (citing *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004))).

The NYSHRL provides that "[i]t shall be an unlawful discriminatory practice" for an

employer to "refuse to hire" an individual on the basis of race, national origin or sex. N.Y. Exec. Law § 296(1)(a). Claims of discrimination on the basis of race, national origin and gender under the NYSHRL are analyzed based on the same standard as claims under Title VII. *Vargas v. Morgan Stanley*, 438 F. App'x 7, 9 (2d Cir. 2011) (analyzing Title VII and NYSHRL discrimination claims under the same standard); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 & n.3 (2004) (commenting that Title VII and the NYSHRL have the same standard for recovery and similar statutory language and are therefore analyzed according to the same standards).

The Court first considers Plaintiff's discrimination claims based on national origin, religion and race, and then considers her gender discrimination claims.

### i. National origin, religion and race discrimination claims

Plaintiff claims that Defendants discriminated against her by failing to hire her based on her national origin and eye color, in violation of Title VII and NYSHRL. (Am. Compl. 4.) Plaintiff also alleges that Defendants discriminated against her, in violation of Title VII and NYSHRL, because she is Roman Catholic. (*Id.*) Defendants argue that having blue eyes does not place Plaintiff in a protected class under Title VII or NYSHRL and that Plaintiff has not provided sufficient facts to support an inference of discrimination as to any of her claims. (Defs. Mem. 6–8.)

### 1. Protected Group

Plaintiff alleges that she is Polish and was discriminated against on the basis of her national origin by Defendants, including because those hiring her were of Russian or former-Soviet Union origin. (*Id.* at 3.) She further asserts that she was discriminated against on the basis of having blue eyes. (*Id.*) Plaintiff also identifies herself as Roman Catholic and

alleges that Defendants, who are not Roman Catholic, discriminated against her based on her religion.  (*Id*. at 4.)

Plaintiff's Polish identity is sufficient to establish that she a member of a protected group based on her national origin.  *See, e.g.*, *Joseph v. N. Shore Univ. Hosp.*, No. 08-CV-3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011) (finding the plaintiff's Haitian identity sufficient to establish that plaintiff was a member of a national origin group ), *aff'd*, 473 F. App'x 34 (2d Cir. 2012).  Plaintiff's allegation that she is Roman Catholic is also sufficient to state membership in a protected class based on her religion.

While Plaintiff checked a box that she asserts a claim of race discrimination, she wrote "blue eyes" as the basis for that claim.  (Am. Compl. 3.)  Plaintiff does not otherwise discuss her race, the race of Defendants, the race of the individuals who were hired nor does she make any allegations related to race.  Title VII does not specifically protect individuals based on eye color. *See* 42 U.S.C. § 2000e-2 (prohibiting employers from "fail[ing] or refus[ing] to hire . . . any individual . . . because of such individual's race").  Moreover, Plaintiff has not provided any allegations that would indicate the references to her eye color were connected to her race.  *See, e.g.*, *Eatman v. United Parcel Serv.*, 194 F. Supp. 2d 256, 262 (S.D.N.Y. 2002) (holding that an employer's policy against dreadlocked hair does not violate Title VII because, while "a racially neutral comment denigrating [a physical characteristic] can reasonably be understood as a reflection of discriminatory animus," there was no evidence connecting the policy to race).  Without any allegations to support an inference that the reference to Plaintiff's blue eyes was a comment about her race, Plaintiff's assertion of race discrimination based on her eye color is insufficient to make her a member of a protected group for her race discrimination claim.  Therefore, the Court dismisses Plaintiff's Title VII and NYSHRL claims for racial

discrimination.

The Court construes Plaintiff's allegations of discrimination on basis of her blue eyes in support of her national origin claim. "The term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *United States v. Brennan*, 650 F.3d 65, 134 (2d Cir. 2011) (quoting *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973)). The Equal Employment Opportunity Commission has defined national origin more broadly to encompass "the denial of equal employment opportunity because of an individual's . . . place of origin; or because an individual has the physical, cultural or linguistic characteristics of a national origin group." 29 C.F.R. § 1606.1; *see Shah v. Wilco Sys., Inc.*, No. 99-CV-12054, 2001 WL 1006722, at *3 (S.D.N.Y. Aug. 31, 2001) (dismissing a Title VII national origin claim for failure to state a claim because the district court did not see a basis to infer that the defendant had discriminated "because of any physical, cultural or linguistic characteristics"), *aff'd*, 76 F. App'x 383 (2d Cir. 2003). The core of Plaintiff's allegations, including those related to her blue eyes, is that Defendants' actions demonstrated bias against Plaintiff's Polish identity. Plaintiff alleges Saakian, who is allegedly from the former Soviet Union, discriminated against Plaintiff because of her Polish origin and that Saakian's first remark was, "You are from Poland." (*Id.*) Plaintiff claims that Lak was pre-selected for the position because of his national origin. (*Id.*)

Accordingly, Plaintiff has sufficiently alleged that she is a member of a protected class for the purposes of Title VII and NYSHRL based on her national origin and religion.

### 2.    Qualifications for the position

Plaintiff states that she had "all qualifications and experience" when she was interviewed for the position because she scored "100" on the relevant civil service exam and has two Masters

Degrees.  (Am. Compl. 4.)  Defendants do not contest that Plaintiff was qualified for the position.  Plaintiff has sufficiently alleged this element of her discrimination claims.

### 3.  Denial of the position

Plaintiff has sufficiently alleged this element by stating that she was denied the Assistance Civil Engineer position for which she applied.  (*Id.*)

### 4.  Inference of discrimination

Plaintiff does not allege any direct evidence of discrimination.  Therefore, the Court considers whether the allegations in the Amended Complaint support a "plausible inference of discrimination."  *See Vega*, 801 F.3d at 87.

"An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'"  *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)); *see also Wojcik v. Brandiss*, 973 F. Supp. 2d 195, 211 (E.D.N.Y. 2013) (stating that, in the context of a national origin claim, an inference of discrimination can arise when a supervisor makes "racially charged and otherwise negative statements about a plaintiff's national origin").  Whether facts give rise to a plausible inference of discrimination "is a 'flexible [standard] that can be satisfied differently in differing factual scenarios.'"  *Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 204 (S.D.N.Y. 2011) (quoting *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996)); *see also Moore v. Kingsbrook Jewish Med. Ctr.*, No. 11-CV-3625, 2013 WL 3968748, at *6 (E.D.N.Y. July 30, 2013) (discussing circumstances from which an inference of discrimination can be drawn).  Remarks made by

coworkers may also be probative of discriminatory intent, depending on the particular circumstances under which the comments were made. *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) (outlining four factors district courts in this circuit routinely consider in evaluating the probative value of such remarks: (1) the identity and position of the individual making the remark, (2) the timing of the remark in relation to the employment decision, (3) the content of the remark, and (4) the context in which it was made); *Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 438 (S.D.N.Y. 2015) ("Remarks may raise an inference of discrimination if there is a nexus between the remarks and an adverse employment decision." (citing *Zhang v. Barr Labs., Inc.*, No. 98-CV-5717, 2000 WL 565185, at *4 (S.D.N.Y. May 8, 2000))).

In the failure to hire context, "[a]n employer's choice of a less qualified employee not from [p]laintiff's protected class raises an inference of discrimination sufficient to establish a prima facie case of discrimination." *Butts v. N.Y.C. Dep't of Hous. Pres. and Dev.*, No. 00-CV-6307, 2007 WL 259937, at *9 (S.D.N.Y. Jan. 29, 2007), *aff'd sub nom. Butts v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 307 F. App'x 596 (2d Cir. 2009); *see Terry v. Ashcroft*, 336 F.3d 128, 139 (2d Cir. 2003) (finding an inference of discrimination to be supported by a white employee's allegations where the job application was "marked with his race and the position was offered to an allegedly significantly less qualified African–American man"); *Anyanwu v. City of New York*, No. 10-CV-8498, 2013 WL 5193990, at *14 (S.D.N.Y. Sept. 16, 2013) (explaining that some courts in this district "explicitly require[] evidence of relative qualifications at the *prima facie* stage in failure-to-promote cases" (collecting cases)); *United States v. City of New York*, 713 F. Supp. 2d 300, 319 (S.D.N.Y. 2010) (stating that only if a "reasonable employer would have found the plaintiff to be significantly better qualified for the job, but this employer

did not, [can] the factfinder . . . legitimately infer that the employer consciously selected a less-qualified candidate — something that employers do not usually do, unless some other strong consideration, such as discrimination, enters into the picture" (quoting *Jackson v. Gonzales*, 496 F.3d 703, 707 (D.C. Cir. 2007))).

Plaintiff alleges that Defendants intentionally hired a "pre-selected" candidate for the position, based on "national favoritism." (Am. Compl. 4.) Plaintiff alleges that during her interview multiple references were made about her national origin, including Saakian's remark that Plaintiff was from Poland and Saakian's gesture at Plaintiff's blue eyes. According to Plaintiff, Defendants hired Lak, who is from the former Soviet Union and who, unlike Plaintiff, did not have a Master's Degree from an American university and was therefore less qualified for the position. (*Id*.) Plaintiff also alleges that Lak and her interviewers are not Roman-Catholic, while she is. (Am. Compl. 4.)

Plaintiff has alleged facts sufficient to support an inference that both national origin and religion were motivating factors in Defendants' failure to hire Plaintiff because Plaintiff was denied a position for which she was qualified, and Defendants hired Lak, who was less qualified and outside Plaintiff's national origin and religious groups. *See Johnson v. Long Island Univ.*, 58 F. Supp. 3d 211, 225 (E.D.N.Y. 2014) (finding that an African-American plaintiff who alleged that his employer gave a full-time position to a less qualified applicant outside his protected racial class "provide[d] enough detail to support an inference of discrimination with respect to the failure to hire claim"); *Allen v. N.Y.C. Dep't of Envtl. Prot.*, 51 F. Supp. 3d 504, 513 (S.D.N.Y. 2014) (finding that allegations that positions were filled by "less or similarly qualified" individuals outside the plaintiff's racial and national origin groups to be "sufficient to allege a failure-to-promote claim"); *Dhar v. N.Y.C. Dep't of Transp.*, No. 10-CV-5681, 2014 WL

4773965, at *8 (E.D.N.Y. Sept. 24, 2014) (finding, on a motion for summary judgment, that a plaintiff provided sufficient support for an inference of discrimination by showing that employees of a different national origin were hired at higher salaries), *aff'd*, 630 F. App'x 14 (2d Cir. 2015); *Penn v. N.Y. Methodist Hosp.*, No. 11-CV-9137, 2013 WL 5477600, at *12 (S.D.N.Y. Sept. 30, 2013) (finding that a plaintiff stated claim for failure to hire based on race and religion by alleging that people outside his race and religious groups had been hired for a position for which he was qualified); *Castillo v. Time Warner Cable of N.Y.C.*, No. 09-CV-7644, 2011 WL 3475419, at *6 (S.D.N.Y. Aug. 9, 2011) (holding that "the allegation that the position went to a less qualified nonminority technician [was] sufficient to establish an inference of discrimination" for a Title VII failure to promote claim); *Chacko v. Worldwide Flight Servs., Inc.*, No. 08-CV-2363, 2010 WL 424025, at *4 (E.D.N.Y. Feb. 3, 2010) (finding the plaintiff's allegation "that he was rejected in favor of a younger and less-qualified" nonminority candidate to be "sufficient to give rise to an inference of discrimination").

Plaintiff has pled facts sufficient to give "plausible support" to the "minimal" initial burden to state Title VII and NYSHRL claims for national origin and religious discrimination. *See Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 307, 312). The Court therefore denies Defendants' motion to dismiss Plaintiff's claims of discrimination based on national origin and religion.

### ii.   Gender discrimination claims

Plaintiff asserts gender discrimination claims pursuant to Title VII and NYSHRL. There is no dispute that Plaintiff has established the first three parts of her prima facie case. Plaintiff is a woman and therefore a member of the protected class. As discussed above, Plaintiff has alleged that she was qualified for a position for which she was not hired, and Defendants do not

contest these allegations. The only issue is whether Plaintiff alleges sufficient facts to support a plausible inference that Plaintiff's gender was at least a motivating factor in Defendants' decision not to hire her.

Plaintiff alleges that Lak, a less qualified man, was hired for the position. (Am. Compl. 4.) However, Plaintiff also appears to state that Ludmil Kulik, a woman who had been provisionally hired by the FDNY in 2011, was permanently appointed to the Assistant Civil Engineer position on April 6, 2014. (*Id*.) Plaintiff alleges that Kulik was then "rolled over to Administrative Project Manager position," with a higher salary.[6] (*Id*.) Plaintiff cannot establish that Defendants chose to hire a "less qualified employee not from plaintiff's protected class," as they also hired another woman for the position that Plaintiff sought. *Butts*, 2007 WL 259937 at *9; *see Fleming v. MaxMara USA, Inc.*, 371 F. App'x 115, 117 (2d Cir. 2010) (finding no inference of discrimination where black female plaintiff alleged termination based on race discrimination but she was "replaced by another black female"); *Rodriguez v. N.Y.C. Health & Hosps. Corp.*, No. 14-CV-4960, 2015 WL 5229850, at *5 (E.D.N.Y. Sept. 8, 2015) ("It is extremely difficult, if not practically impossible to establish discrimination where, as here, plaintiff was passed over so an employer can hire another member of plaintiff's same protected class." (citation and internal quotation marks omitted)); *Cabrera v. New York City*, 436 F. Supp. 2d 635, 645 (S.D.N.Y. 2006) (finding no inference of discrimination where the plaintiff alleged

---

[6] Plaintiff appears to present these allegations in support of her national origin and religious discrimination claims, as she states that Kulik is not Roman Catholic and is from the former Soviet Union. (Am. Compl. 4.) However, Plaintiff does not provide any allegations as to the qualifications of Kulik for the position, and therefore, these allegations do not support Plaintiff's claims that less qualified individuals outside her national origin and religious groups were hired instead of her.

discrimination for failure to promote but those promoted were members of plaintiff's protected class).

Plaintiff makes no further allegations about her gender in connection with her interview.[7] Plaintiff's subjective belief of gender discrimination is not sufficient to support the inference that Defendants discriminated against her based on her gender. *See Meyer v. State of N.Y. Office of Mental Health*, --- F. Supp. 3d ---, ---, 2016 WL 1228603, at *12 (E.D.N.Y. Mar. 28, 2016) ("[A p]laintiff's mere subjective belief that [s]he was discriminated against . . . does not sustain a . . . discrimination claim." (citation and internal quotation marks omitted)); *Sethi v. Narod*, 12 F. Supp. 3d 505, 536 (E.D.N.Y. 2014) (same). The Court grants Defendants' motion to dismiss Plaintiff's Title VII and NYSHRL gender discrimination claims.

### c. ADEA and NYSHRL age discrimination claims

Plaintiff alleges that, pursuant to the ADEA and NYSHRL, Defendants discriminated against her on the basis of her age. (Am. Compl. 1, 3–4.) Defendants argue that Plaintiff's

---

[7] Plaintiff also identifies the individual Defendants involved in interviewing her, Saakian and Brown-Bennett, as women, which undermines her claim that Defendants discriminated against her on the basis of her gender. *See Meyer v. State of N.Y. Office of Mental Health*, No. 12-CV-6202, 2016 WL 1228603, at *11 (E.D.N.Y. Mar. 28, 2016) ("It is a well-settled, albeit not dispositive, principle that where the alleged discriminator is a member of the same protected class as [p]laintiff, an inference against discrimination exists and claims of discrimination become less plausible." (collecting cases)); *Allen v. Chanel, Inc.*, No. 12-CV-6758, 2015 WL 3938096, at *5 (S.D.N.Y. June 26, 2015) (noting that "when the decision-maker is in the same protected class(es) as the plaintiff-employee, courts can draw inferences against discriminatory intent," and granting summary judgment on sex discrimination claim because the decision makers at issue were "all female" just like plaintiff); *Palak v. St. Francis Hosp.*, No. 14-CV-4383, 2015 WL 3682805, at *8 (E.D.N.Y. June 12, 2015) (stating that it "provides an additional inference against discrimination . . . where the person who participated in the allegedly adverse decision is also a member of the same protected class" (collecting cases)); *Baguer v. Spanish Broad. Sys., Inc.*, No. 04-CV-8393, 2010 WL 2813632, at *11 (S.D.N.Y. July 12, 2010) ("Courts draw an inference against discrimination where the person taking the adverse action is in the same protected class as the effected employee."), *aff'd*, 423 F. App'x 102 (2d Cir. 2011).

allegations are conclusory and not sufficient to support an inference of age discrimination. (Defs. Mem. 6–7.)

Under the ADEA, an employer may not "fail or refuse to hire or . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *see Chapotkat v. Cty. of Rockland*, 605 F. App'x 24, 25 (2d Cir. 2015) (citing 29 U.S.C. § 623(a)(1)). Discrimination claims under the ADEA are subject to the three-stage *McDonnell Douglas* burden-shifting framework. *Chapotkat*, 605 F. App'x 24, 26 (2d Cir. 2015) (citing *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (applying *McDonnell Douglas* framework to ADEA age discrimination claim)). To establish a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate: "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Id.* at 107; *see Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (stating elements of an ADEA discrimination claim). To state a claim pursuant to the ADEA a plaintiff must allege that age was the "but for" cause of the employer's adverse action, and not merely that it was a motivating factor. *See Vega*, 801 F.3d at 86 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)) (noting that a plaintiff alleging age discrimination must allege that age was the but for cause of the adverse action); *see also Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) ("The condition that a plaintiff's age must be the 'but for' cause of the adverse employment action is not equivalent to a requirement that age was the employers *only* consideration, but rather that the adverse employment action[] *would not have occurred without it.*" (alteration in original)

(citation omitted)); *Bohnet v Val. Stream Union Free School Dist. 13*, 30 F. Supp. 3d 174, 180 (E.D.N.Y. 2014) ("What is required at the motion to dismiss stage is that the complaint contain sufficient facts to make plausible the conclusion that "but for" her age plaintiff would have been hired."), *aff'd*, 594 F. App'x 53 (2d Cir. 2015).

As with Title VII discrimination claims, while a plaintiff need not specifically plead each element of a prima facie case of discrimination to survive a motion to dismiss, the standard provides a framework for analyzing whether the plaintiff's claims for relief are plausible. *See Dechberry*, 2015 WL 4878460, at *16. At the pleading stage, a plaintiff must plausibly allege that (1) her employer took an adverse employment action against her, and (2) her age "was the 'but-for' cause of the employer's adverse action." *See Vega*, 801 F.3d at 86; *see also Ingrassia v. Health & Hosp. Corp.*, No. 14-CV-1900, 2015 WL 5229444, at *6 (E.D.N.Y. Sept. 8, 2015) ("*Vega* . . . require[s] a plaintiff alleging an ADEA violation to plausibly allege that the employer took adverse action against her and that age was the 'but for' cause in the employment decision.").

Claims of age-based discrimination under the NYSHRL are analyzed under the same standard as discrimination claims under the ADEA.[8] *See Abrahamson v. Bd. of Educ. of*

---

[8] Whether the "but for" standard applies to NYSHRL discrimination claims remains unresolved in New York state courts. *See DeKenipp v. State*, 949 N.Y.S.2d 279, 282 (App. Div. 2012) ("This Court has not yet determined whether this recent and more stringent federal standard applies to the analysis of age discrimination under the Human Rights Law and we decline to reach that issue here . . . ." (citations omitted)); *but see Anderson v. Young & Rubicam*, 890 N.Y.S.2d 45, 46 (App. Div. 2009) (noting that "case law endorses the 'but for' language" and finding that "[t]he requested mixed motive charge was unwarranted" (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009))). The Second Circuit has "assumed, without deciding, that [the ADEA's] 'but for' causation is also required under the NYSHRL" for age discrimination claims, noting that "[t]he issue has not been definitively resolved in the New York courts." *Barone v. S&N Auerbach Mgmt., Inc.*, --- F. App'x ---, ---, 2016 WL 1237871, at *1 (2d Cir. Mar. 30, 2016) (citing *DeKenipp*, 49 N.Y.S.2d at 281–82); *see Mikinberg v. Bemis Co.*,

18

*Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 71 n.2 (2d Cir. 2004) ("Since the [NYSHRL]

mirrors the requirements of the ADEA, violation of one necessarily implies violation of the

other."); *Brannigan v. Bd. of Educ. of Levittown Union Free Sch. Dist.*, 796 N.Y.S.2d 690, 692

(App. Div. 2005) ("The elements of an age discrimination claim under the New York State

Human Rights Law and the ADEA are essentially the same and courts apply the same standards

for analyzing age discrimination claims under both statutes.").

### i.    Protected Group

Because Plaintiff alleges that she was born in 1956 and was subjected to discriminatory

conduct in May of 2014 when she was interviewed, (Am. Compl. 1), she was over the age of

forty at the relevant time and, therefore, sufficiently alleges that she was a member of the age

group protected under the ADEA at the time of the alleged discrimination, *see* 29 U.S.C. §

631(a).

### ii.    Qualified for position

Plaintiff sufficiently states that she was qualified for the position by alleging that her

---

555 F. App'x 34, 35 (2d Cir. 2014) (same); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 n.6 (2d Cir. 2010) ("The law governing ADEA claims has been held to be identical to that governing claims made under the NY[S]HRL.  Accordingly, the Court assumes, without deciding, that the Supreme Court's *Gross* decision affects the scope of the NY[S]HRL law as well as the ADEA." (citations omitted)).  The Court continues to follow the Second Circuit and courts in this Circuit, and applies the "but for" standard to Plaintiff's NYSHRL age discrimination claims.  *See Ehrbar v. Forest Hills Hosp.*, No. 13-CV-1761, 2015 WL 5568830, at *26 n.18 (E.D.N.Y. Sept. 22, 2015); *Allen v. Chanel, Inc.*, No. 12-CV-6758, 2015 WL 3938096, at *4 (S.D.N.Y. June 26, 2015) ("With regard to ADEA and NYSHRL claims, 'the plaintiff retains the burden of persuasion to establish that age was the "but-for" cause of the employer's adverse action.'" (quoting *Gross*, 557 U.S. at 177)); *Siani v. State Univ. of N.Y. at Farmingdale*, 7 F. Supp. 3d 304, 321 (E.D.N.Y. 2014) ("[T]he Second Circuit assumed without deciding in *Gorzynski* that *Gross*'s 'but-for' causation standard applied to the NYHRL also. This Court adopts the same assumption." (citations omitted)); *Glenwright v. Xerox Corp.*, 832 F. Supp. 2d 268, 279 (W.D.N.Y. 2011) (applying *Gross*'s "but for" standard to NYSHRL age discrimination claim); *Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 574 (S.D.N.Y. 2010) (same).

score on the relevant civil service exam qualified her for the position and that she possessed "the required [q]ualifications and experience" for the Assistant Engineer position. (Am. Compl. 1, 4.)

### iii.   Adverse employment action

Plaintiff alleges that she was not hired for the Assistant Civil Engineer because of her age. (*Id.* at 1). The ADEA precludes employers from failing or refusing to hire and individual on the basis of age. *See* 29 U.S.C. § 623(a) (providing that, "[i]t shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, . . . because of such individual's age"). Therefore, Plaintiff's allegations are sufficient to state the adverse employment action element of her age discrimination claims.

### iv.   Inference of discrimination

Allegations that a younger employee has been favored over a qualified plaintiff can be sufficient to provide a basis for an inference of discrimination. *See Gorzynski*, 596 F.3d at 106 (holding that allegations that the plaintiff "was over forty years old, was undisputedly qualified for her position, was fired, and was then replaced by a woman in her twenties" were sufficient to state an ADEA claim of discrimination); *see also Berube v. Great Atl. & Pac. Tea Co.*, 348 F. App'x 684, 686 (2d Cir. 2009) ("We find that plaintiff has proffered sufficient evidence to make out a *prima facie* claim of discriminatory intent by demonstrating that younger, similarly-situated employees received progressive discipline for transgressions of comparable seriousness while he did not."). Under *Gross*, "mixed-motive" discrimination claims are not actionable under the ADEA, and such allegations must provide a basis for an inference that the age discrimination is the "but-for" cause of the adverse employment action. *See Gorzynski*, 596 F.3d at 106 ("*Gross* changes the latter part of [the prima facie] formulation by eliminating the

mixed-motive analysis that circuit courts had brought into the ADEA from Title VII cases."). Nevertheless, a plaintiff's burden of pleading a prima facie case of discrimination, even in light of *Gross*, "is not a heavy one." *Id.*

In the failure to hire or promote context, a plaintiff must allege facts to "provide a sufficient basis to conclude that but for her age, [the plaintiff] would have been hired for the positions for which she applied." *Bohnet v. Valley Stream Union Free Sch. Dist. 13*, 594 F. App'x 53, 55 (2d Cir. 2015); *see also Bohnet*, 30 F. Supp. 3d at 180 (holding that allegations that a plaintiff had applied for positions, not been hired, and that younger candidates had been hired "lack[ed] the specificity" necessary to state a claim); *Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312, 2013 WL 1809772, at *7 (S.D.N.Y. Apr. 30, 2013) ("[B]ecause [the p]laintiff has pointed to no information that would render her 'belief' that younger applicants were hired over her anything more than a conclusory assertion, the [c]ourt finds that she has failed to state a claim under the ADEA."); *Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.*, 690 F. Supp. 2d 115, 130–31 (W.D.N.Y. 2010) (explaining that the plaintiff had failed to provide allegations to form the basis for an inference of discrimination including because the complaint lacked allegations "that other older applicants were denied appointments or that only younger workers are employed").

"[S]tray comments . . . do not create an inference of discrimination." *Dixon v. Int'l Fed'n of Accountants*, 416 F. App'x 107, 110 (2d Cir. 2011) (citing *Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 56 (2d Cir. 1998)). However, comments by employers or supervisors regarding a plaintiff's age can provide a sufficient basis for an inference of discrimination. *See, e.g.*, *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 311 (S.D.N.Y. 2015) ("An age discrimination plaintiff may also seek to rely on . . . comments or remarks evidencing ageist

views, evidence that similarly situated younger employees are treated more favorably than older ones, or statistical evidence demonstrating a pattern of adverse employment actions taken against older employees." (citation omitted)); *Roginsky v. Cty. of Suffolk, N.Y.*, 729 F. Supp. 2d 561, 569 (E.D.N.Y. 2010) (holding that the plaintiff's allegations provided a basis for an inference of discrimination where "[n]o reason was given" for his termination and another employee had made "comments about [the p]laintiff's age such as that [he] "was getting 'old' and that [the p]laintiff was not going to be around much longer").

Plaintiff alleges that Saakian "discredited [her] as 'old' and not liking to work with 'young' [people]." (Am. Compl. 1). Plaintiff further alleges that, during her interview, she was asked how she felt about "working with younger supervisors."[9] (*Id*. at 4.) Plaintiff states that Notghi, who made it to the final round of interviews, was "young," but she fails to state the age of Lak, who was hired for the position. (*Id*.) While Plaintiff's age was mentioned during her interview, Plaintiff's allegations as a whole assert that Defendants were motivated to "pre-select" Lak for the position due to his national origin. (*Id*.) As such, Plaintiff has not alleged that the failure to hire her "would not have occurred" without age discrimination. *See Delaney*, 766 F.3d at 169. Although her burden at the pleading stage is minimal, Plaintiff has not plausibly alleged that her age was the "but for" cause of Defendants' decision not to hire her. The Court grants Defendants' motion to dismiss Plaintiff's ADEA and NYSHRL claims for age discrimination.

> **d.   NYCHRL national origin, race, religion, gender and age discrimination claims**

---

[9]   The allegations in the Amended Complaint do not make clear whether Plaintiff was directly told by Saakian during the interview that she was "too old," or whether these statements were made by Saakian to someone else in Plaintiff's presence. However, in Plaintiff's opposition to Defendants' motion to dismiss, Plaintiff states that the comments that Plaintiff was "not a good fit" and "too old" were placed in her application file by someone at the FDNY. (Pl. Opp'n 5.)

Plaintiff asserts claims for national origin, race, religion, gender and age discrimination under the NYCHRL. Defendants seek to dismiss these claims, but fail to provide any explanation of the applicable NYCHRL standards or to argue separately as to the merit of these claims.

"[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible.'" *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (citations omitted); *see Dillon v. Ned Mgmt., Inc.*, 85 F. Supp. 3d 639, 653 (E.D.N.Y. 2015) ("[The] NYCHRL is no longer construed to be coextensive with its federal and state counterparts.").

"To state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment of any degree based on a discriminatory motive . . . ." *Gorokhovsky v. N.Y.C. Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014) (citing *Mihalik*, 715 F.3d at 114). However, even under this more liberal pleading standard, a plaintiff must plausibly allege that she was subjected to unequal treatment because of her protected characteristic. *See Mathew v. N. Shore-Long Island Jewish Health Sys., Inc.*, 582 F. App'x 70, 71 (2d Cir. 2014) (disability discrimination); *Mihalik*, 715 F.3d at 110 (gender-based discrimination); *LaSalle v. City of New York*, No. 13-CV-5109, 2015 WL 1442376, at *6 (S.D.N.Y. Mar. 30, 2015) (race discrimination). "[D]istrict courts must be mindful that the NYCHRL is not a general civility code . . . [and] [t]he plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive." *Mihalik*, 715 F.3d at 110.

For the same reasons as discussed above with regard to her Title VII and NYSHRL claims, Plaintiff has sufficiently stated claims for national origin and religious discrimination

under the NYCHRL. However, even under the more liberal standard, Plaintiff's allegations of race and gender discrimination fail to state a claim under the NYCHRL. Plaintiff fails to allege sufficient facts to support an inference that Defendants failed to hire her because of her age, or in part, because of her race and gender. Plaintiff's allegations about her blue eyes do not provide any basis to conclude that she was not hired because of her race. *See LaSalle*, 2015 WL 1442376, at *6 (dismissing NYCHRL race and color discrimination claims when plaintiff "allege[d] no facts from which the Court could determine that she was treated 'less well' than other employees because of her race"). Because Plaintiff alleges that a woman was one of the individuals hired for the position that she sought, her allegations do not sufficiently allege that she was not hired because of gender discrimination. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 239 (E.D.N.Y. 2015) (dismissing NYCHRL claim when plaintiff failed to allege that termination was caused by discriminatory motive).

Although Plaintiff fails to state an age discrimination claim under the ADEA and NYSHRL, Plaintiff's allegations as to remarks about age during her interview are sufficient to allege a motive to discriminate based on age under the NYCHRL's more lenient standard. Plaintiff has alleged that she was not provided a second interview, while younger candidates were, and that, given the questions about her age and her ability to work with younger candidates, this decision was motivated by age discrimination. Thus, Plaintiff has alleged that she was treated less well than applicants younger than her, which is sufficient to state a claim under NYCHRL. *See Gorokhovsky*, 552 F. App'x at 102.

Accordingly, Plaintiff has sufficiently stated NYCHRL claims for national origin, religion and age discrimination. The Court therefore denies Defendants' motion to dismiss Plaintiff's NYCHRL claims for national origin, religion and age discrimination and grants

Defendants' motion to dismiss Plaintiff's NYCHRL claims for race and gender discrimination.[10]

### e.  ADA Claim

Plaintiff claims that Defendants discriminated against her based on her unemployment status, which she alleges is a disability.  (Am. Compl. 1, 4.)  Defendants argue that Plaintiff's claim for disability discrimination is barred because of her failure to exhaust administrative remedies as to this claim.  (Defs. Mem. 4–5.)  Defendants also argue that Plaintiff has failed to

---

[10]  The Court denies Defendants' motion to dismiss Plaintiff's NYSHRL and NYCHRL claims against Brown-Bennett.  Without any legal support for their argument, Defendants argue that Plaintiff has not sufficiently alleged that Brown-Bennett's actions "constituted an adverse employment action" or "that [Brown-Bennett] had any influence on the decision not to hire [P]laintiff."  (Defs. Mem. 8–9.)

"[A] corporate supervisor or manager may be held liable [under NYSHRL] if that person has: (1) any ownership interest in the employer; or (2) the power to do more than carry out personnel decisions made by others." *Scalera v. Electrograph Sys., Inc.*, 848 F. Supp. 2d 352, 371 (E.D.N.Y. 2012); *see Griffin v. Sirva, Inc.*, No. 11-CV-1844, 2014 WL 2434196, at *11 (E.D.N.Y. May 29, 2014) (same).  A supervisor can also be held liable under the NYSHRL "if that supervisor 'actually participates in the conduct giving rise to [the] discrimination.'" *Feingold v. New York*, 366 F.3d 138, 157 (2d Cir. 2004) (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)); *see Tully–Boone v. North Shore–Long Island Jewish Hosp. Sys.*, 588 F. Supp. 2d 419, 425–26 (E.D.N.Y. 2008).  It is also "an unlawful discriminatory practice 'for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so.'" *Feingold*, 366 F.3d at 158 (quoting N.Y. Exec. Law § 296(6)).

Similarly, NYCHRL also provides for individual liability and makes it unlawful for "an employer or an employee or agent thereof, because of the actual or perceived age, race . . . national origin, gender . . . of any person . . . to discriminate against such person in compensation or in terms, conditions or privileges of employment."  N.Y.C. Admin. Code § 8–107(1)(a); *see Banks v. Corr. Servs. Corp.*, 475 F. Supp. 2d 189, 200 (E.D.N.Y. 2007) (stating that the NYCHRL "provides for the individual liability of employees regardless of ownership or decision-making power"); *Graciani v. Patients Med., P.C.*, No. 13-CV-2751, 2015 WL 5139199, at *14 (E.D.N.Y. Sept. 1, 2015) (stating the standard for individual liability under NYCHRL).  NYCHRL also makes it unlawful for "any person to aid, abet, incite, compel or coerce the doing" of any prohibited discriminatory conduct.  N.Y.C. Admin. Code § 8–107(6).

Plaintiff alleges that Brown-Bennett is the Deputy Personnel Manager at the FDNY and participated in coordinating Plaintiff's interviews for the Assistant Civil Engineer position and informed Plaintiff that she would be brought in for a second interview.  (Am. Compl. 4.)  While minimal, these allegations are sufficient to support an inference that Brown-Bennett either actually participated in or aided discriminatory conduct against Plaintiff.

plead sufficient facts to support any ADA discrimination claim because unemployment is not a disability or perceived disability within the meaning of the ADA.[11]  (*Id*. at 5.)

"[P]laintiffs asserting ADA claims must exhaust all available administrative remedies . . . and must file an EEOC charge within 300 days of the alleged discriminatory conduct if they have instituted proceedings with a state or local agency . . . ."  *Hoffman v. Williamsville Sch. Dist.*, 443 F. App'x 647, 649 (2d Cir. 2011) (first citing *J.C. v. Reg'l Sch. Dist. 10, Bd. of Educ.*, 278 F.3d 119, 124 (2d Cir. 2002); and then citing *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999)) (explaining that the Title VII requirement to exhaust administrative remedies applies to ADA claims).  "An allegation not set forth in an administrative charge will be barred as unexhausted unless it is reasonably related to the allegations in the charge."  *Hoffman*, 443 F App'x at 649 (citing *Williams v. N.Y.C. Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006)).

Where the claimant fails to assert a claim before the EEOC, the plaintiff may nevertheless pursue those claims "in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency."  *Legnan v. Alitalia Linee Aeree Italianei S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (quoting *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999)).  "A claim is 'reasonably related' to the filed claim 'if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made."  *Littlejohn*, 795 F.3d at 322 (quoting *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d. Cir. 2003)).  "Reasonably related" claims are recognized in three situations: (1) the alleged discriminatory conduct "would fall within the 'scope of the

---

[11]  Because the Court finds that Plaintiff did not exhaust her ADA claim, the Court declines to decide whether Plaintiff has pled sufficient facts to support an ADA discrimination claim.

EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;' "(2) the claim is one of "retaliation by an employer against an employee for filing an EEOC charge;" and (3) the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Terry*, 336 F.3d at 151 (quoting *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402–03 (2d Cir. 1993) (superseded on other grounds)).  Courts look at "factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving" to determine whether the claims are reasonably related.  *Littlejohn*, 795 F.3d at 322 (quoting *Deravin*, 335 F.3d at 202).

Plaintiff did not file a charge with the EEOC or obtain a Right-to-Sue letter concerning her allegations of disability discrimination and has therefore failed to exhaust her claim of disability discrimination.  Plaintiff did not check the "disability" box on the EEOC complaint, and the Right to Sue Letter from the EEOC does not identify a claim under the ADA.  Nor is Plaintiff's ADA claim reasonably related to her Title VII and ADEA claims.  Plaintiff made no factual allegations in the EEOC complaint that would have alerted the agency to investigate disability discrimination, based on her unemployment status, marital status, or any other disability.  Therefore, the Court grants Defendants' motion as to Plaintiff's ADA claim.

### III. Conclusion

For the foregoing reasons, Defendants' motion is granted in part and denied in part. The Court grants Defendants' motion to dismiss Plaintiff's Title VII, NYSHRL and NYCHRL claims for race and gender discrimination, her ADEA and NYSHRL claims for age discrimination, and her ADA claims. The Court denies Defendants' motion to dismiss Plaintiff's Title VII, NYSHRL and NYCHRL claims for discrimination based on national origin and religion and her NYCHRL claim for age discrimination.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: July 14, 2016
        Brooklyn, New York